Josefa Soler Ríos de Rocafort, Petitioner, *v.* District Court, Respondent.

No. 826. Argued April 18, 1932.—Decided July 30, 1932.

*J. H. Brown* and *Walter L. Newson, Jr.,* for petitioner. *Juan B. Soto, González Fagundo & González, Jr.,* and *Elías B. Wilcox* for plaintiff in the main action. *Molina, Dubón & Ochoteco* as *amicus curiae.*

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This case originated in a summary foreclosure proceeding instituted in the District Court of Humacao under the Mortgage Law and its Regulations, to collect a debt secured by a mortgage, which was created by a deed recorded in the registry of property, as follows:

"*Third:* In order to secure the loan of $5,000 and interest thereon at the rate mentioned, and $500 fixed for costs, expenses, and attorney's fees of the creditor in case of judicial claim, Mr. Salvador Rocafort, as attorney in fact of his mother, Mrs. Josefa Soler Ríos de Rocafort, constitutes a first voluntary mortgage in favor of Mr. Elías B. Wilcox on the property, described at the beginning of this deed, together with all its appurtenances, and the same will remain subject to said encumbrance until the debt which it secures is paid in full."

Later the debt and the security were extended, in like form, to $6,000, and $600 were fixed for costs, expenses, and attorney's fees.

In authorizing the issuance of the formal demand for payment (*requerimiento*), the court did so, with respect to costs, in the following terms:

". . . to the extent of $600 which was agreed to be paid as expenses, costs, and attorney's fees in case of foreclosure, as said costs and attorney's fees were approved by the Court, . . ."

The thirty days allowed for making payment elapsed without such payment having been made, and the plaintiff, on July 11, 1931, filed a memorandum of costs, expenses, and attorney's fees amounting to $600. Plaintiff also filed an alternative motion, claiming the payment of $600 as liquidated damages or penalty, stipulated in case resort should be had to judicial proceedings in order to recover the debt.

On the 25th of the following August the court rendered the following order:

"On reading the memorandum of costs filed in this case, amounting to $600 and which has not been objected to in any manner by defendants, although the period to do so has expired, the court approves the same."

Upon the debtor being informed of said order, on September 3, 1931, he moved for its reconsideration. Plaintiff objected, and the court, on March 11, 1932, entered the following decision:

"After a very careful study of the essential question raised, and quite ably discussed from all its angles in the briefs of the parties, the court is of opinion that the only way to make effective the right of the debtor in regard to the costs of the proceedings and to guarantee that of the creditor with respect to the noninterruption of his summary foreclosure proceeding by contentious interventions, although incidental, is for the court to ascertain and fix the costs and attorney's fees pursuant to a memorandum submitted to the court, which is not bound to hear the mortgage debtor in regard thereto. Otherwise, the foreclosure proceeding, which is the fundamental reason for the Mortgage Law and the firm basis of the territorial credit, would be impaired in its summary and special character invariably impressed upon it by the legislation on the subject. The motion

for reconsideration is overruled, the motion to dismiss is sustained, and the approval of the memorandum of costs found in the record is hereby ratified.''

Thereupon the debtor, claiming that the plaintiff creditor had assigned his mortgage credit to the United Porto Rican Sugar Company of Porto Rico by a deed of March 14, 1932, and had agreed not to prosecute the foreclosure proceeding except as to the fixing and awarding of costs and attorney's fees, petitioned this Supreme Court for a writ of certiorari to review the proceedings had in the District Court of Humacao.

Both the petitioner and the creditor have argued extensively their respective theories. There is no need to consider said arguments, because in the opinion rendered today in the case of *Arsuaga* v. *District Court, ante,* p. 958, the main points thus argued are covered. As we there interpreted the law, the same is not unconstitutional as petitioner claims it would be in this case if the payment of the costs is ordered without giving petitioner an opportunity to be heard. The parties themselves voluntarily agreed that in case of foreclosure the costs of the proceedings would be covered by a specified amount, which was fixed by mutual agreement and could be recovered in the same manner as the other amounts secured by the mortgage.

Now, then, in the instant case, we find that the creditor, after the foreclosure proceeding had been commenced, ceded his claim to the United Porto Rican Sugar Co., and agreed not to prosecute the claim except as to the ''incident of costs and attorney's fees.'' The assignee appeared in the proceeding brought by the original creditor, that is, in civil case No. 16058 of the District Court of Humacao, *Elias B. Wilcox* v. *Josefa Soler Ríos de Rocafort,* concerning the foreclosure of a mortgage, and filed a motion together with the public documents evidencing the assignment, and requested the court to ''consider petitioner substituted as the plaintiff

in this case, except in regard to the incident of costs, and that petitioner be considered also as having abandoned this summary foreclosure proceeding, except as to the recovery of costs, for which plaintiff Elias B. Wilcox will remain as plaintiff.''

Said motion was decided by the court as follows:

''On reading the motion filed by United Porto Rican Sugar Co. (of Porto Rico), and the documents accompanying the same, the United Porto Rican Sugar Company (of Porto Rico) is considered as the plaintiff in this case, except in regard to the recovery of costs, and as having abandoned this mortgage foreclosure proceeding except as to the recovery of costs for which Elías B. Wilcox is to remain as plaintiff.''

From the very language used by the assignee in his motion to the court and by the court itself, it is apparent that a deviation from the summary foreclosure proceeding authorized by the Mortgage Law is involved. Said proceeding is not really a contested suit, for the ''judgment'' which must be rendered is agreed, fixed, and consented to by the parties to the contract and is executed at the will of the creditor, by showing, of course, before the competent authority that it is a proper case according to the contract and the law, the debtor reserving the right to demand the stay thereof in the cases specified in article 175' of the Regulations, and to establish his other claims in the corresponding plenary suit.

That being so, how could the proceeding be continued only to recover the costs? The costs are fixed for the case where judicial action is necessary to collect the debt. In this case, action was taken in court to collect the debt, but the latter was collected by the assignment without the aid of the court. The mortgage security for the payment of costs is subject to the collection of the debt by judicial action. As a matter of fact, the summary mortgage foreclosure proceeding herein terminated when the assignee abandoned the action to recover the debt.

We must not be understood as deciding that the original creditor or his assignee has no right by virtue of the costs incurred as the result of the failure of the debtor to pay in time. We do not decide this point. What we do decide is that it is not proper to resort to the procedure for the collection of costs prescribed by the Code of Civil Procedure in force, nor to the special procedure followed by the district court, within a summary proceeding brought under the Mortgage Law; and that after said proceeding has been commenced and the creditor, having collected the debt, abandons the summary proceeding, the same can not be continued exclusively to recover the costs. The order demanding payment issued in said foreclosure proceeding No. 16058 must be annulled and similarly as to all subsequent orders made; and the case is remanded to the district court in which it originated, for further proceedings in conformity with the law.